# IN THE COURT OF APPEALS OF IOWA

No. 14-2172
Filed February 25, 2015

**IN THE INTEREST OF M.B.,**
**Minor Child,**

**A.G., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother appeals the termination of her parental rights to her child, born in 2014. **AFFIRMED.**

Bryan Webber of Carr & Wright, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney General, John P. Sarcone, County Attorney, and Annette Taylor, Assistant County Attorney, for appellee State.

Nicole Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

A mother appeals the termination of her parental rights to her child, born in 2014. She (1) challenges the statutory grounds for termination cited by the juvenile court and (2) contends termination is not in the child's best interests.

I.    We may affirm if we find clear and convincing evidence to support any of the grounds cited by the juvenile court. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we agree the child could not be returned to the mother's custody. *See* Iowa Code § 232.116(1)(h).

The mother had a significant history with the Department of Human Services that began when she was a minor abused by her step-father and continued through early adulthood and the births of three children. Her parental rights to the older two children were terminated. The youngest child is the subject of this proceeding.

The child was removed from the mother's care based on the mother's "significant abuse of drugs and inability because of such to care for the child." The juvenile court later relied on her "history of substance abuse" as well as "domestic violence in the home" to adjudicate the child in need of assistance.

Meanwhile, the mother faced active warrants on a fifth-degree theft conviction in another county. During the early summer of 2014, she was also booked on new charges of possession with intent to deliver a schedule IV substance, failure to affix a tax stamp, possession of a schedule V controlled substance, eluding, interference with official acts, second-degree theft, and driving with a suspended license. Shortly before the termination hearing, the mother pled guilty to second-degree theft and eluding. Her sentencing hearing

was scheduled for the month following the termination hearing. The mother remained in jail through the termination hearing in mid-October 2014.

At the termination hearing, the mother's attorney told the court the mother anticipated being required to complete inpatient drug treatment "and then to follow that by attending and successfully completing the Bridges program through the Department of Corrections."[1] *See Frunzar v. Allied Prop. and Cas. Ins. Co.*, 548 N.W.2d 880, 888 (Iowa 1998) ("Under Iowa law, professional statements are treated as affidavits and the attorney making the statement may be cross-examined regarding the substance of the statement."). This professional statement together with the remaining evidence of record conclusively establishes the mother was not in a position to have the child returned to her care. *See In re S.D.*, No. 11-1597, 2011 WL 6086332, at *3 (Iowa Ct. App. Dec. 7, 2011) ("The fourth element requires proof at the termination hearing that the child cannot be returned to the custody of the child's parents "at the present time." This language of necessity refers to the time of the termination hearing." (citation omitted)).

II.     Termination must also be in the best interests of the child. Iowa Code § 232.116(2); *In re M.S.*, 519 N.W.2d 398, 400 (Iowa 1994). The mother argues she "had nearly resolved her criminal case that resulted in her incarceration and would have been in a much better position to be able to access services and parent the minor child."

---

[1] While the child's attorney objected to the professional statement as exceeding the scope of the attorney's knowledge, she did not cross-examine counsel about the statement, the juvenile court did not rule on the objection, and no contradictory evidence was offered or admitted.

To the contrary, the record contains scant if any evidence of the mother's ability or opportunity to parent the child in the near term. And, even if an opportunity presented itself, her history did not bode well for reunification. Before her incarceration, the mother engaged in visits with her child only when she chose to. She curtailed visits entirely after May 2014. Her chronic substance abuse, which began at the age of fourteen, had yet to be seriously addressed. Indeed, a department employee detected the same patterns of non-compliance with services as she had observed in the two prior child-in-need-of-assistance proceedings. We conclude termination of the mother's parental rights to this child was in the child's best interests.

**AFFIRMED.**